139 A.3d 1187

IN THE MATTER OF GERALD M. SALUTI, AN ATTORNEY
AT LAW (ATTORNEY NO. 041631992).

July 22, 2016.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 15–225, concluding that **GERALD M. SALUTI,** formerly of **NEWARK,** who was admitted to the bar of this State in 1992, and who has been suspended from the practice of law since February 28, 2014, by Order of the Court filed January 31, 2014, should be suspended from the practice of law for a period of one year for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.2(a) (failure to abide by client's instructions), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to keep client reasonably informed about the status of a matter), *RPC* 1.5(b) (failure to communicate in writing the basis or rate of fee), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), *RPC* 8.4(d) (conduct prejudicial to the administration of justice), and *RPC* 8.4(e) (stating or implying an ability to influence a government agency or official, or achieve results by means that violate the *RPC*s or other law);

And the Disciplinary Review Board having further concluded that the term of suspension should be consecutive to the three-month term of suspension imposed by the Court, effective February 28, 2014;

And the Disciplinary Review Board having further concluded that prior to reinstatement to the practice of law, respondent should be required to complete eight additional hours of courses in professional responsibility, beyond the continuing legal education courses respondent otherwise is required to complete, and that after reinstatement to practice, respondent should be required to practice under supervision for a period of two years;

And good cause appearing;

It is ORDERED that **GERALD M. SALUTI** is suspended from the practice of law for a period of one year, effective May 29, 2014, and until the further Order of the Court; and it is further

ORDERED that prior to reinstatement to the practice of law, respondent shall submit proof to the Office of Attorney Ethics of his successful completion of eight hours of courses in professional responsibility, which courses shall be in addition to the continuing legal education courses respondent is required by *Rule* 1:42 to complete; and it is further

ORDERED that after reinstatement to practice, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(0), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.